Anthony T. King (#027459)
Megan M. Carrasco (#037109)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: aking@swlaw.com
mcarrasco@swlaw.com

Archis A. Parasharami*
Daniel E. Jones*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
(202) 371-7000
archis.parasharami@skadden.com
daniel.jones@skadden.com

**admitted pro hac vice*

*Attorneys for Defendant Keller Williams Realty, LLC f/k/a Keller Williams Realty, Inc.*

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Vicki Coffey, on behalf of herself and all others similarly situated,

Plaintiff,

v.

Fast Easy Offer LLC, GFSG LLC d/b/a Keller Williams Realty Phoenix, and Keller Williams Realty, Inc.,

Defendants.

No. 2:24-cv-02725-SPL

**DEFENDANT KELLER WILLIAMS REALTY, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

## INTRODUCTION

Plaintiff Vicki Coffey alleges that she received a series of calls and text messages from defendant Fast Easy Offer LLC ("FEO") encouraging her to sell her home. This Court previously dismissed the claims against all defendants for failure to allege that the calls and texts were "solicitations" within the meaning of the relevant provisions of the Telephone Consumer Protection Act ("TCPA"). The Ninth Circuit reversed. The Ninth Circuit did not adopt—indeed, as discussed below, expressed skepticism at oral argument about—Coffey's principal theory that offers to buy her home effectively "included offers to supply the services associated with buying a home." *Coffey v. Fast Easy Offer, LLC*, 178 F.4th 480, 484 & n.3 (9th Cir. 2026). But the Ninth Circuit concluded that, at the pleadings stage, Coffey had sufficiently alleged that one purpose of FEO's communications "was to solicit the purchase of traditional real estate brokerage services" from a local brokerage. *Id.* at 483-84.

Defendant Keller Williams Realty, LLC, formerly known as Keller Williams Realty, Inc. ("KWRI"), renews its motion to dismiss the claims against it for the independent reason—which neither this Court nor the Ninth Circuit had occasion to reach—that KWRI does not belong in this case.[1] KWRI is a national franchisor (Am. Compl., Doc. 19, ¶ 5) that does not itself offer real-estate services or employ real-estate agents. The amended complaint fails to plausibly allege that KWRI is directly or vicariously liable for the telephone calls and text messages at issue. There can be no direct liability because there are no allegations that KWRI placed the calls or texts at issue or caused them to be placed on its behalf. Instead, Coffey seeks to hold KWRI vicariously liable for the calls or texts based on a program called "KW Wealth." For the reasons

[1] KWRI certifies under LRCiv 12.1(c) that, before filing this Motion to Dismiss, counsel for KWRI notified counsel for Plaintiff via Zoom on both July 2, 2026, and August 12, 2026, of the issues asserted in the Motion to Dismiss, and the parties did not reach an agreement that the pleading was curable in any part by a permissible amendment offered by Plaintiff.

detailed below, that theory fails, because Coffey has not plausibly alleged that KWRI had *any* connection to FEO's calls and texts to Coffey, much less the "substantial[] control" that is required under applicable principles of agency law. *Jance v. Homerun Offer, LLC*, 2021 WL 3270318, at *5 (D. Ariz. July 29, 2021) (dismissing one defendant because of the plaintiff's failure to plausibly allege facts supporting vicarious liability). If anything, recent decisions dismissing TCPA claims for failure to allege vicarious liability—issued after the prior motion briefing in this case—only confirm that Coffey's theory is implausible and that dismissal as to KWRI is warranted.

## STATEMENT OF FACTS

**A.** Coffey is an Arizona resident who alleges that her cell phone number has been registered with the Do Not Call Registry since November 2004. Am. Compl. ¶¶ 3, 19. According to Coffey, beginning at an unspecified time in "early 2024," she received "numerous telephone calls and text messages from a rotating series of phone numbers." *Id.* ¶ 20. Plaintiff alleges that "most" of the "entities" making these calls and sending these messages did not disclose their identity. *Id.* ¶ 21. The amended complaint does not specify the total number of calls Coffey alleges receiving, but alleges she received a minimum of six calls and two text messages from an individual named "Yannick" at the same phone number in and around September 2024. *Id.* ¶¶ 21-23, 25.

Coffey alleges that at one point she spoke with the alleged caller "solely to identify the entity responsible" for the calls and texts. *Id.* ¶ 26. That individual directed her to a website allegedly operated by Defendant FEO. *See id.* ¶¶ 27-28. According to Coffey, FEO's website "explains that FEO seeks to purchase and resell residential real estate." *Id.* ¶ 29.

The amended complaint does not describe the calls in any detail. It reproduces two alleged text messages, which on their face ask only whether Coffey is interested in selling her home. *Id.* ¶ 23. With respect to the remaining

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

calls and text messages, the amended complaint alleges in conclusory fashion that the calls or texts sought "to solicit Plaintiff to sell her home or engage various entities to represent or assist her in the sale of her home." *Id.* ¶ 20.

The amended complaint alleges that one of FEO's members, Brett Tanner, is a "real estate agent[] or employee[]" of defendant GFSG LLC d/b/a Keller Williams® Realty Phoenix ("KW Phoenix"), a local real-estate brokerage. *See id.* ¶¶ 9, 53. Coffey further alleges that Tanner also runs a paid subscription program called "KW Wealth" that is "run[] and own[ed]" by KWRI. *See id.* ¶¶ 62-63. Coffey alleges that the KW Wealth program includes education relating to real-estate wholesaling. *Id.* ¶ 64. Moreover, according to Coffey, the KW Wealth program encourages real-estate agents to become real-estate investors. *See id.* ¶¶ 72-74. The amended complaint cites a YouTube video featuring Tanner in support of Coffey's assertion that one purpose of FEO's calls or texts is to refer individuals who do not accept FEO's offer to buy the home directly to real-estate agents associated with KW Phoenix. *Id.* ¶ 45; *see id.* ¶ 55 ("Upon information and belief, if FEO does not wholesale a given property, FEO instead utilizes KW AZ's licensed real estate professionals to list properties for sale.").

Based on these allegations, Coffey asserts one claim against defendants FEO, KW Phoenix, and KWRI under Section 227(c) of the TCPA, which allows a plaintiff to sue if that individual "has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of" regulations promulgated by the Federal Communications Commission ("FCC") under the TCPA. 47 U.S.C. § 227(c)(5); *see* Am. Compl. ¶¶ 122-130. Section 227(c)(1) instructs the FCC to implement those regulations to help residential telephone subscribers "avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). Coffey relies in particular on the regulation that prohibits making a "telephone solicitation" to a "residential

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons." 47 C.F.R. § 64.1200(c)(2); *see* Am. Compl. ¶¶ 124, 127.

**B.** Defendants jointly moved to dismiss the amended complaint on the grounds that (i) Coffey did not plausibly allege that any of the calls or texts she allegedly received qualified as a "telephone solicitation" within the meaning of the TCPA and its implementing regulations; and (ii) independently as to KWRI, the amended complaint failed to plausibly allege that KWRI was directly or vicariously liable for the calls and texts. Doc. 24 at 2-3. This Court granted Defendants' motion to dismiss on the first ground, holding that the calls and text messages to Coffey did not constitute "solicitations" within the meaning of the relevant provisions of the TCPA. Doc. 27. As a result of that ruling, the Court concluded that "the Court need not consider Defendants' alternate argument" that Coffey did not plausibly allege direct or vicariously liability as to KWRI. *Id.* at 8.

Coffey appealed; the sole issue was whether Coffey plausibly alleged that the calls or texts qualify as "solicitations." The Ninth Circuit reversed, concluding that Coffey had said enough to get past a motion to dismiss on that issue because she had alleged that one purpose for FEO's messages "was to encourage the purchase of real estate brokerage services" from KW Phoenix. *See Coffey*, 178 F.4th at 483-84; *see also id.* at 482 (relying on Coffey's allegation that "those homes that FEO does not purchase become leads for the brokerage services provided by FEO and KW Phoenix"). Like this Court, the Ninth Circuit did not address KWRI's vicarious liability arguments. *See id.* at 482 (noting only by way of procedural background that KWRI had argued in the prior motion to dismiss that "KWRI was not vicariously liable for the calls and texts

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

made by FEO").[2]

## LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts require more than just "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Instead, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "[T]he court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 532 F. Supp. 3d 846, 851 (D. Ariz. 2021) (citation modified), *aff'd*, 80 F.4th 943 (9th Cir. 2023). Moreover, "a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory." *Henry v. City of Somerton*, 2019 WL 11753646, at *3 (D. Ariz. Sep. 18, 2019) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).

## ARGUMENT

**Coffey's Claim Against KWRI Should Be Dismissed Because The Amended Complaint Fails To Plausibly Allege That KWRI Is Directly Or Vicariously Liable Under The TCPA.**

### A. Coffey Does Not Plausibly Allege Direct Liability.

A plaintiff may bring a TCPA claim under a direct or vicarious liability

[2] The Ninth Circuit declined to address Coffey's principal theory that FEO's offers to buy homes amount to a solicitation because they include an effective fee for services in the offer price. 178 F.4th at 484 n.3. At oral argument, the panel appeared skeptical of that theory; as Judge Hurwitz put it, "I would have a hard time viewing as a solicitation of the purchase of anything" a simple cash offer to buy a home; any ancillary services associated with the transaction are "just part of the purchase price." *See* https://www.youtube.com/watch?v=0FwNJHXYbOw (statements between 1:12-2:10).

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

theory. *See*, *e.g.*, *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014); *Barnes v. SunPower Corp.*, 2023 WL 2592371, at *2 (N.D. Cal. Mar. 16, 2023) ("To make a call under the TCPA, and thus become liable, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call.") (citation modified). To plead direct liability, Coffey must allege that the calls or text messages were delivered by KWRI. *See Thomas*, 582 F. App'x at 679; *Barnes*, 2023 WL 2592371, at *2.

The amended complaint does not allege that KWRI had any role in delivering the calls or texts to Coffey. Nor does the amended complaint allege that the caller was working for KWRI. The most Coffey alleges is that when she asked one caller to "identify the entity responsible for delivering the[] calls and text[s]," she was provided a link to the FEO website. Am. Compl. ¶¶ 26-28.

Although the amended complaint further includes a boilerplate allegation that all three defendants, including KWRI, "initiat[ed] or caus[ed] to be initiated" and "delivered[] or caused to be delivered" the calls and texts to Coffey (*id.* ¶¶ 127-128), there are no factual allegations supporting this conclusory statement as to KWRI. These "[t]hreadbare recitals of the elements" of a TCPA claim do not suffice under *Twombly* and *Iqbal*. *Iqbal*, 556 U.S. at 678; *see also*, *e.g.*, *Barnes*, 2023 WL 2592371, at *3 (concluding defendant was not directly liable where plaintiff failed to allege any facts showing that defendant itself made the calls at issue); *Canary v. Youngevity Int'l, Inc.*, 2019 WL 1275343, at *4 (N.D. Cal. Mar. 20, 2019) (same).

Indeed, when KWRI's prior motion to dismiss argued that Coffey failed to plausibly allege direct liability, Coffey's opposition failed to address KWRI's argument on this point. *See* Doc. 25. Coffey has therefore forfeited her theory of direct liability. *See*, *e.g.*, *Shorter v. L.A. Unified Sch. Dist.*, 2013 WL 6331204, at *9 (C.D. Cal. Dec. 4, 2013) (collecting cases).

Accordingly, Coffey has failed to state a claim against KWRI under a

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

direct liability theory.

### B. Coffey Does Not Plausibly Allege Vicarious Liability.

Coffey has also failed to plausibly allege that KWRI is vicariously liable for the calls and texts. A defendant can be "vicariously liable for violations of the TCPA" only where federal "common law principles of agency" derived from the Restatement (Third) of Agency (2006) would support it. *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018). Coffey asserts two theories of vicarious liability: she says that (1) the caller working for FEO acted as an agent with actual authority on behalf of KWRI in placing the alleged calls and text messages; or (2) KWRI ratified the alleged conduct. Am. Compl. ¶ 129.

Neither theory is supported by Coffey's allegations. Courts in this District (and elsewhere in the Ninth Circuit) have dismissed TCPA claims at the pleadings stage when, as here, the amended complaint fails to plausibly allege facts supporting an agency relationship between the defendant and the caller.[3]

#### 1. Coffey fails to plausibly allege that the caller acted as KWRI's agent.

"Agency is the fiduciary relationship that arises when one person (a principal) manifests assent to another person (an agent) that the agent shall act on the principal's behalf and subject to the principal's control, and the agent

[3] *See, e.g.*, *Sundstrom v. Ocean Reef Media LLC*, 2026 WL 1361646, at *3-5 (W.D. Wash. May 15, 2026); *Usanovic v. Americana, L.L.C.*, 775 F. Supp. 3d 1133, 1139-42 (D. Nev. 2025), *appeal docketed*, No. 25-2263 (9th Cir. Apr. 8, 2025); *Sapan v. Shore Cap. Corp.*, 2024 WL 4002622, at *4-7 (C.D. Cal. Aug. 23, 2024); *Brown v. Nano Hearing Tech Opco, LLC*, 2024 WL 3367536, at *4-6 (S.D. Cal. July 9, 2024); *Barnes*, 2023 WL 2592371, at *2; *Winters v. Quicken Loans Inc.*, 2021 WL 5040323, at *3-5 (D. Ariz. Oct. 29, 2021); *Jance*, 2021 WL 3270318, at *5; *Valdes v. Nationwide Real Est. Executives, Inc.*, 2021 WL 2134159, at *4-5 (C.D. Cal. Apr. 22, 2021); *Rogers v. Postmates, Inc.*, 2020 WL 3869191, at *4 (N.D. Cal. July 9, 2020); *Canary*, 2019 WL 1275343, at *5-9; *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678; *cf. Winters v. Grand Caribbean Cruises Inc.*, 2021 WL 3709854, at *5-7 (D. Ariz. Aug. 20, 2021) (granting motion to dismiss under 12(b)(2) for failure to allege the agency relationship with the caller needed to establish personal jurisdiction over the defendant); *MacDonald v. Hotchkin*, 2021 WL 12298480, at *3-5 (D. Ariz. Jan. 28, 2021) (noting the complaint's failure to adequately plead vicarious liability in granting KWRI's motion to dismiss under Rule 12(b)(2)).

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

manifests assent or otherwise consents so to act." *Jones*, 887 F.3d at 448 (citation modified). "In determining whether vicarious liability may be imposed, the 'extent of control exercised by the [principal]' is the 'essential ingredient.'" *Id.* at 450 (quoting *United States v. Bonds*, 608 F.3d 495, 505 (9th Cir. 2010)). "Agency means more than mere passive permission; it involves request, instruction, or command." *Thomas*, 879 F. Supp. 2d at 1085 (quoting *Klee v. United States*, 53 F.2d 58, 61 (9th Cir. 1931)).

The amended complaint does not contain a single allegation suggesting that KWRI "'controlled' or 'directed'" the caller at all, much less with respect to the calls or texts here. *Rogers*, 2020 WL 3869191, at *4; *see also Thomas*, 879 F. Supp. 2d at 1085 (no agency relationship where defendant did not direct or supervise the text message campaign at issue nor play any role in the decision to distribute the texts). Because "[t]he right of an entity to 'substantially control' an agent's activities is a 'fundamental tenet' of an agency relationship," the absence of allegations to this effect requires dismissal of the claims against KWRI. *Jance*, 2021 WL 3270318, at *5 (quoting *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024-25 (9th Cir. 2017)).

Moreover, Coffey does not allege that *any* of the calls or texts—or even FEO's website—mentioned or referenced KWRI or "Keller Williams." *See* Am. Compl. ¶¶ 21-28. To be sure, such a mention alone would not be enough to demonstrate actual or apparent authority. *See Sundstrom*, 2026 WL 1361646, at *4 (citing *Courtland v. GCEP-Surprise, LLC*, 2013 WL 3894981, at *9 (D. Ariz. July 29, 2013) (collecting cases showing that mere use of a franchisor's logos, signage, and marketing material by a franchisee "is not sufficient manifestation by the franchisor to establish apparent agency")). But here Coffey has not alleged (nor could she) even that attenuated degree of a

connection between KWRI and FEO's calls and texts.[4]

Instead, Coffey's theory of vicarious liability against KWRI appears to be based entirely on the "KW Wealth" program that Coffey alleges is "offer[ed]," "run[] and own[ed]" by KWRI and also run by FEO's principal, Tanner. Am. Compl. ¶¶ 62-63, 65-69. According to the amended complaint, that program includes materials teaching real-estate agents "how to start up wholesaling businesses" and how "to become real estate investors." *Id.* ¶¶ 64, 72. KWRI disputes the amended complaint's characterization of the program and rejects the amended complaint's false implication that KWRI itself employs any real-estate agents. But even taking the allegations at face value for purposes of this motion, they are insufficient to establish an agency relationship. Coffey has not alleged that the KW Wealth program creates *any connection* between KWRI and *FEO's* calls or texts, much less demonstrates that KWRI controlled the "manner and means" of their delivery. *Thomas*, 879 F. Supp. 2d at 1085.

Moreover, there are no allegations that the KW Wealth program includes any instructions to engage in telemarketing. Indeed, while the amended complaint selectively quotes from a KW Wealth video featuring Tanner available on YouTube (Am. Compl. ¶ 45), Coffey fails to mention that the description accompanying that video says "Warning! You must comply with the TCPA," tells real-estate agents or other professionals watching the video to "[n]ever call or text a number on any Do Not Call list," and advises them to "[c]ontact your attorney to ensure your compliance."[5] Those clear warnings

[4] The amended complaint does not suggest that apparent authority exists; Coffey briefly referred to apparent authority for the first time in opposition to the prior motion to dismiss. But the deficiencies in Coffey's pleading would in any event defeat any theory of vicarious liability based on apparent authority, which requires that a reasonable person would believe that the caller had authority to act on KWRI's behalf. *See Thomas*, 582 F. App'x at 679-80; *see also MacDonald*, 2021 WL 12298480, at *4 (rejecting apparent authority as a basis for jurisdiction over KWRI because "[t]here are no factual allegations to support apparent authority").

[5] The video is cited and linked to in the amended complaint in support of Coffey's theories of liability and is therefore incorporated by reference. *See* Am.

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

undermine the plausibility of any allegation that KWRI somehow encouraged or directed FEO's alleged TCPA violations.

At best, the amended complaint alleges that the KW Wealth program encouraged real-estate agents "to start up wholesaling businesses." Am. Compl. ¶¶ 64, 75. But wholesaling is not itself actionable under the TCPA or otherwise unlawful, and the amended complaint does nothing further to attempt to connect KWRI to FEO's calls or texts. The amended complaint itself merely asserts that the KW Wealth program is designed to provide real-estate agents with information about starting up wholesaling businesses as "a supplemental source of income to more-traditional real estate representation." Am. Compl. ¶ 64. And none of the statements on KW Wealth's website that Coffey cites (*id.* ¶¶ 72-74) refer to telemarketing or solicitations of any kind.

In short, what Coffey alleges shows only that KW Wealth educates real-estate agents on how to engage in wholesaling for the *agents'* own benefit, not KWRI's. Coffey alleges that KWRI receives subscription fees for the KW Wealth program. Am. Compl. ¶ 83. But purchasing a training program from KWRI does not transform a real-estate professional into KWRI's agent, let alone with respect to FEO's calls and text messages at issue here.

Coffey fares no better in alleging an overlap between personnel at FEO and *KW Phoenix*. Am. Compl. ¶¶ 52-54, 67-70. Coffey does not allege that any of those individuals are employees of or otherwise work for *KWRI*. But, even more fundamentally, this overlap does not come anywhere close to establishing an agency relationship between KWRI and the caller working for FEO. *Jance* is again instructive. There, the same individual was alleged to be the President

---

Compl. ¶ 45 (citing video available at https://www.youtube.com/watch?v=LcBpWq1c5vI) (last visited Aug. 12, 2026). As this Court has recognized, "[t]he doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *ArubaWater Corp. v. Wells Fargo Bank, N.A.*, 703 F. Supp. 3d 995, 1000 (D. Ariz. 2023) (Logan, J.) (citation omitted).

Snell & Wilmer L.L.P. LAW OFFICES One East Washington Street, Suite 2700 Phoenix, Arizona 85004-2556 602.382.6000

and CEO of both defendant corporations—the one responsible for the call and a second defendant that the plaintiff sought to hold responsible under vicarious liability. 2021 WL 3270318, at *5. But even that far closer connection between the defendants was insufficient for vicarious liability, because "[c]ommon ownership between two entities is insufficient to establish an agency relationship." *Id.* The more remote connections alleged here are even more clearly insufficient.

At a meet and confer on this motion, Coffey's counsel indicated that Coffey would rely on a recent decision by Judge Snow granting in part and denying in part a motion to dismiss raising vicarious liability issues. *See Soale v. eXp Realty LLC*, 2026 WL 653629, at *3-7 (D. Ariz. Mar. 9, 2026) (granting motion to dismiss for failure to allege direct liability or vicarious liability based on actual authority, but allowing vicarious liability claims to proceed on theories of apparent authority or ratification). But *Soale* is readily distinguishable. The defendant (eXp Realty) was the real-estate brokerage for which the calling real-estate agent (Jackson) worked (*id.* at *1)—closer to KW Phoenix—not a franchisor like KWRI that is twice-removed from FEO. Some of the calls and texts specifically referred to eXp Realty; Jackson listed eXp Realty as his employer on his Arizona real-estate license and was similarly listed on eXp Realty's website as "one of its licensed real estate agents"; eXp Realty's website further stated that "third parties like Jackson may contact consumers on its behalf"; and eXp Realty provided lead-generation training to Jackson and other real-estate agents. *Id.* at *1, *6-7. Not a single one of those circumstances is alleged here with respect to KWRI.

Finally, Coffey's theory of agency based on actual authority additionally fails because she has not alleged that the caller was in any way acting at KWRI's direction—or, again, even that the calls or texts referred to KWRI in any way. "An agent acts with actual authority when . . . the agent reasonably

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *Huffman v. JP Morgan Chase Bank, NA*, 2023 WL 2691455, at *11 (D. Ariz. Mar. 29, 2023) (quoting Restatement (Third) of Agency § 2.01), *aff'd on other grounds*, 2026 WL 396536 (9th Cir. Feb. 12, 2026). Put another way, "[a]ctual authority is limited to actions specifically mentioned to be done in a written or oral communication or consistent with a principal's general statement of what the agent is supposed to do." *Jones*, 887 F.3d at 449 (citation modified); *accord MacDonald*, 2021 WL 12298480, at *4 (quoting same).

Here, the amended complaint alleges no "written or oral communication" or even a "general statement" from KWRI authorizing or directing the calls or texts at issue. Coffey merely alleges that FEO acted "in direct furtherance of KW Wealth's stated goals"—that is, to help those enrolled in the KW Wealth program become real-estate investors for *their own benefit*. Am. Compl. ¶ 79. And, as discussed above, Coffey points to nothing in the KW Wealth program materials that even addresses telemarketing, much less directs or controls the specific calling practices by FEO alleged in the amended complaint. These pleading insufficiencies confirm that Coffey has failed to plausibly allege actual authority. *See, e.g.*, *Valdes*, 2021 WL 2134159, at *4 (dismissing a TCPA claim where "[p]laintiff fails to proffer any evidence showing that [defendant] directs its agents to make cold calls that violate the TCPA or that [defendant] has any control over whom its agents call").

**2. Coffey fails to plausibly allege ratification.**

Finally, Coffey has not plausibly alleged an agency relationship based on ratification either. Ratification is "the *affirmance* of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (emphasis added) (quoting Restatement (Third) of Agency § 4.01(1)).

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

For at least three reasons, Coffey cannot meet that standard.

*First*, Coffey has not alleged a ratifiable event. "Ratification does not occur unless . . . the act is ratifiable . . . ." *Kristensen*, 879 F.3d at 1014 (quoting Restatement (Third) of Agency § 4.01(3)(a)). A ratifiable act means that "the actor [must have] *acted or purported to act as an agent* on the person's behalf." *Id.* (emphasis added) (quoting Restatement (Third) of Agency § 4.03). "Therefore, when an actor is not an agent and does not purport to be one, the doctrine of ratification does not apply." *Id.* (citation modified); *accord Goodell v. BH Auto., LLC*, 2023 WL 2691452, at *6 (D. Ariz. Mar. 29, 2023) (quoting same in concluding that the plaintiff's failure to plead that the callers "acted, or purported to act, as agents on [defendant's] behalf" is "fatal to their ratification theory").

As discussed above, the amended complaint never alleges that the caller was acting (or even purporting to act) as an agent on behalf of KWRI. For that reason alone, KWRI cannot have ratified the caller's alleged conduct as a matter of law. *Kristensen*, 879 F.3d at 1015; *Winters*, 2021 WL 5040323, at *5 (dismissing TCPA claims on motion to dismiss based on plaintiff's failure to allege more than conclusory allegations regarding agency relationship and ratification); *Canary*, 2019 WL 1275343, at *9 (failure to plead actual or purported agency was fatal to plaintiff's ratification theory).

*Second*, the amended complaint says not one word about how KWRI purportedly "affirm[ed]" the calls or texts at issue. *Kristensen*, 879 F.3d at 1014. Simply asserting that KWRI "ratified" the alleged conduct (Am. Compl. ¶¶ 65, 78, 82) is a bare legal conclusion that cannot suffice under *Twombly* and *Iqbal*.

Moreover, the allegation that texts or calls were sent for KWRI's "ultimate benefit" because the recipient might later choose "conventional real estate representation" from KW Phoenix (Am. Compl. ¶ 81)—and that KWRI in turn might receive a small capped portion of the proceeds from a

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

representation resulting in a transaction (*id.* ¶ 83)—is far too remote to show that KWRI *ratified* the specific calls or texts by FEO. The only possible affirmative act by KWRI alleged here—potentially accepting a small portion of the proceeds of a hypothetical future real-estate transaction in the form of a royalty from its franchisee—could not possibly be deemed to ratify *every* undisclosed marketing message or other communication with any connection to that (potential) transaction. That is especially the case for the communications here, which were made by a third party, did not result in any conventional real-estate representation of the caller—and therefore resulted in no proceeds at all—and did not refer to or purport to be on behalf of KWRI in any way. Simply put, agency law requires far more to turn FEO's calls and texts into acts "given effect as if done by an agent acting with actual authority" from KWRI. *Kristensen*, 879 F.3d at 1014 (quoting Restatement (Third) of Agency § 4.01(1)). Put another way, "[t]he act of ratification consists of an externally observable *manifestation of assent to be bound* by the prior act of another person." Restatement (Third) of Agency § 4.01 cmt. b (emphasis added). Here, Coffey cannot possibly allege any "manifestation of assent to be bound" because Coffey points to no affirmative act by KWRI regarding these calls or texts whatsoever.

*Third*, and relatedly, there are no allegations that KWRI had any knowledge of the caller's conduct in placing the calls and text messages at issue. "Even if a principal ratifies an agent's act, '[t]he principal is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking.'" *Kristensen*, 879 F.3d at 1014 (quoting Restatement (Third) of Agency § 4.01 cmt. b). Here, Coffey does not even attempt to plead *facts* meeting that standard; the amended complaint merely offers the bare legal conclusion that KWRI had knowledge of FEO's conduct. *See* Am. Compl. ¶ 82; *see Winters*, 2021 WL 5040323, at *5 (rejecting ratification theory where plaintiff failed to plead

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000

factual allegations explaining how defendant obtained knowledge of caller's conduct). Under *Twombly* and *Iqbal*, that is never enough.[6]

In sum, Coffey has failed to plead any plausible basis for vicarious liability.

## CONCLUSION

The Court should dismiss Coffey's claim against KWRI, with prejudice. Coffey has failed to plausibly allege a claim against KWRI even after meeting and conferring multiple times and amending her complaint once, and her amendments underscore that she has no plausible basis to continue to include KWRI in this case under a vicarious liability theory. *See*, *e.g.*, *Crawford v. Nat'l Rifle Ass'n of Am.*, 2023 WL 7301864, at *5 (D. Ariz. Nov. 3, 2023) (Logan, J.) (dismissing claims with prejudice where "[p]laintiff cannot possibly cure the deficiencies of those claims by the allegation of other facts").

DATED this 13th day of August, 2026.

SNELL & WILMER LLP

By: *s/Megan M. Carrasco*
Anthony T. King
Megan M. Carrasco
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
(602) 382-6000
aking@swlaw.com
mcarrasco@swlaw.com

[6] The allegations here are thus entirely unlike the lead case on ratification that Coffey cited in her prior opposition, *McCurley v. Royal Seas Cruises, Inc.*, 2022 WL 1012471 (9th Cir. Apr. 5, 2022). In *McCurley*, the court concluded that the defendant *knew that the caller was using methods that violated the TCPA* and nevertheless accepted the benefits of the unlawful conduct. *Id.* at *2. There are no such allegations here.

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

Archis A. Parasharami*
Daniel E. Jones*
1440 New York Ave., NW
Washington, DC 20005
(202) 371-7000
archis.parasharami@skadden.com
daniel.jones@skadden.com

*admitted pro hac vice

*Attorneys for Defendant Keller Williams Realty, LLC f/k/a Keller Williams Realty, Inc.*

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
602.382.6000